

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00103-CV

———————————————

TERRY DENISE FITTS, Appellant

V.

BYRON KEITH FITTS AND CORYA D'ANN FITTS, Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-368597-25

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Terry Denise Fitts, proceeding pro se, attempts to appeal the trial court's "Temporary Restraining Order." We dismiss the appeal for want of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). Without a final judgment or an appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195, 200. Temporary restraining orders are not appealable. *In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020) (orig. proceeding).

On February 19, 2026, we notified Appellant of our concern that we lack jurisdiction over this appeal because the trial court's temporary restraining order does not appear to be a final judgment or an appealable interlocutory order. We warned her that unless she filed a response by March 2, 2026, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant did not file a response.

Because the trial court's temporary restraining order is not a final judgment or an appealable interlocutory order, we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: March 26, 2026